UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>*EX PARTE* APPLICATION OF THE FRANCES M. CHEW TRUST FOR AN ORDER TO TAKE DISCOVERY UNDER 28 U.S.C. § 1782 | No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF THE FRANCES M. CHEW TRUST'S**
***EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE UNDER 28 U.S.C. § 1782 TO**
<u>TAKE DISCOVERY FROM CHRISTIE'S, INC.</u>

Dated:     December 14, 2018          QUINN EMANUEL URQUHART & SULLIVAN, LLP

Luke Nikas
Maaren Shah
51 Madison Avenue, 22nd Floor
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
lukenikas@quinnemanuel.com
maarenshah@quinnemanuel.com

*Attorneys for Applicant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

I.      FACTUAL BACKGROUND.....................................................................................2

II.     ARGUMENT ...........................................................................................................3

        A.      Legal Framework ........................................................................................3

        B.      Applicant Satisfies the Statutory Requirements of
                28 U.S.C. § 1782.........................................................................................4

                1.      Christie's, Inc. Resides in the
                        Southern District of New York .......................................................4

                2.      The Discovery Sought Is for Use in a
                        Reasonably Contemplated Foreign Proceeding................................5

                3.      Applicant Is an Interested Party .....................................................6

        C.      All of the Discretionary Factors of Section 1782
                Favor Permitting Discovery...........................................................................7

                1.      Christie's, Inc. Will Not Be a Party in
                        the Hong Kong Action ....................................................................7

                2.      There Is No Reason to Believe That a Hong Kong Court
                        Would Reject Evidence Obtained Through Section 1782 .................8

                3.      Applicant Does Not Seek to Circumvent Hong Kong's
                        Discovery Laws or Restrictions ......................................................9

                4.      The Requested Discovery Is Narrowly Tailored and
                        Directly Relevant to Commencing the Foreign Proceeding .............9

        CONCLUSION.............................................................................................................10

<u>T</u><small>ABLE OF</small> <u>A</u><small>UTHORITIES</small>

***Cases*** *Page(s)*

*In re Bayer AG,*
  146 F.3d 188 (3d Cir. 1998) ............................................................................... 10

*Brandi-Dohrn v. IKB Deutsche Industriebank AG,*
  673 F.3d 76 (2d Cir. 2012).  ........................................................................ 3, 4, 9

*Bravo Express Corp. v. Total Petrochemicals & Ref. USA, Inc.,*
  613 F. App'x 319 (5th Cir. 2015) ........................................................................ 5

*Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.,*
  798 F.3d 113 (2d Cir. 2015) ........................................................................... 5, 7

*Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JS Forwarding (USA), Inc.,*
  747 F.3d 1262 (11th Cir. 2014) .......................................................................... 5

*In re Edelman,*
  295 F.3d 171 (2d Cir. 2002) ............................................................................... 4

*Euromepa S.A. v. R. Esmerian, Inc.,*
  51 F.3d 1095 (2d Cir. 1995) ........................................................................... 4, 8

*In re Furstenberg Fin. SAS,*
  18-mc-44 (JGK), 2018 WL 4625802 (S.D.N.Y. Sept. 26, 2018) ........................ 5

*In re Godfrey,*
  526 F. Supp. 2d 417 (S.D.N.Y. 2007) ................................................................ 4

*Gushlak v. Gushlak,*
  486 F. App'x 251 (2d Cir. 2012) ........................................................................ 1

*Heraeus Kulzer, GmbH v. Biomet, Inc.,*
  633 F.3d 591 (7th Cir. 2011) .............................................................................. 7

*Intel Corp. v. Advanced Micro Devices, Inc.,*
  542 U.S. 241 (2004) .............................................................................. *passim*

*In re Letters of Request from the Supreme Court of H.K.,*
  821 F. Supp. 204 (S.D.N.Y. 1993) ..................................................................... 8

*Mees v. Buiter,*
  793 F.3d 291 (2d Cir. 2015) ........................................................................... 5, 6

*In re Metallgesellschaft AG,*
  121 F.3d 77 (2d Cir. 1997) ............................................................................. 4, 9

ii

*In re O'Keeffe*,
   Civ. No. 14-5835 (WJM), 2015 WL 5039723 (D.N.J. Aug. 26, 2015) ..................................... 9

*Old Ladder Litig. Co. v. Investcorp Bank B.S.C.*,
   No. 08 Civ. 0876(RMB)(THK), 2008 WL 2224292 (S.D.N.Y. May 29, 2008)...................... 10

*In re OOO Promnesfstroy*,
   No. M 19-99(RJS), 2009 WL 3335608 (S.D.N.Y. Oct. 15, 2009) ........................................... 8

*In re Societe d'Etude de Realisation et d'Exploitation pour le Traitement du Mais*,
   No. C13-80261-MISC LHK (HRL), 2013 WL 6414655 (N.D. Cal. Nov. 21, 2013)................ 7

*In re Servicio Pan American de Proteccion*,
   354 F. Supp. 2d 269 (S.D.N.Y. 2004).................................................................................. 8

*Wesley v. Muhammad*,
   No. 05 Civ. 5833(GEL)(MHD), 2008 WL 123812 (S.D.N.Y. Jan. 10, 2008)......................... 10


**Statutes**

28 U.S.C. § 1782................................................................................................ *passim*

Limitation Ordinance, Cap. 347, § 4(1) (H.K.) ............................................................6


**Other Authorities**

Charu Sharma, *The Law of Tort in Hong Kong* § 7.033, at 373 (3d ed. 2014)..............................1

The Frances M. Chew Trust (the "Trust" or "Applicant") respectfully files this *ex parte*[1] application (the "Application") for expedited judicial assistance under 28 U.S.C. § 1782 ("Section 1782") authorizing the Applicant to take discovery from Christie's, Inc. in the form of the attached subpoena *duces tecum* and *ad testificandum* for use in a reasonably contemplated proceeding in Hong Kong (the "Hong Kong Proceeding").[2]

## PRELIMINARY STATEMENT

This application relates to the Trust's effort to recover two paintings that were stolen from the China Art Center in Carmel, California, on March 4, 2013.  The first paining, entitled *Giant Lotus* by Chang Dai-chien (a/k/a Zhang Daqian), appeared for sale at Christie's auction house in Hong Kong ("Christie's Hong Kong Limited") on November 25, 2013, and was sold to Yonghai Shang, a resident of mainland China.  The second painting, *Listening*, also by Chang Dai-chien, is still missing.

The Trust has been unable to ascertain the identity of the individual or entity ("Consignor") who consigned the stolen painting to Christie's Hong Kong Limited, the identities of any individuals or entities who had possession of *Giant Lotus* before Consignor, or the identities of any individuals or entities who had or have possession of *Listening*.  The Trust intends to commence a conversion action in Hong Kong within three months against, at a minimum, Consignor and Shang, and potentially any other parties who are revealed to have had possession of either work after March 4, 2013.[3]

---

[1]  This court routinely entertains *ex parte* applications pursuant to Section 1782.  *See Gushlak v. Gushlak*, 486 F. App'x 251, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").  Opposing parties may move to quash a subpoena issued pursuant to a Section 1782 application and preserve their due process rights.  *See id.*

[2]  The Proposed Subpoena is attached as Exhibit 3 to the Declaration of Luke Nikas ("Nikas Decl.").

[3]  Under Hong Kong Law, "[t]he tort of conversion is committed when the defendant interferes with the possessory title of the claimant and also causes harm or injury to the claimant's right or title."  Charu Sharma, *The Law of Tort in Hong Kong* § 7.033, at 373 (3d ed. 2014).

Accordingly, the Trust seeks Christie's, Inc.'s testimony and documents related to the Hong Kong Proceeding, including:  (1) documents relating to the Consignor's identity, (2) documents relating to the identities of any other individuals or entities who had or have possession of *Giant Lotus* or *Listening* after March 3, 2013, (3) communications pertaining to the possession or sale of *Giant Lotus* or *Listening*, (4) documents relating to the individual who purchased *Giant Lotus*, Yonghai Shang, (5) testimony concerning Consignor's identity, and (6) testimony concerning the consignment and sale of *Giant Lotus*, including information regarding the buyer and location of the work.

I.    FACTUAL BACKGROUND

In the early morning of Monday, March 4, 2013, the police dispatch in Carmel, California, received a call from a woman stating she had heard the sound of breaking glass in the vicinity of the China Art Center, which was located at West Dolores Street and Seventh Avenue, Carmel, California 93923.  (Nikas Decl. ¶¶ 3, 4.)  Upon investigating, police discovered that a large hole had been smashed in the China Art Center's front door.  (Nikas Decl. ¶ 4.)  The police took fingerprints and opened an investigation.  (Nikas Decl. ¶ 4.)

After the break-in, Frances Chew, the owner of China Art Center, noticed that two scroll paintings, *Giant Lotus* and *Listening*, both by Chang Dai-chien, were missing from her collection. (Nikas Decl. ¶ 4.)  Chang Dai-chien was personal friends with Chew's father, to whom Chang Dai-chien had gifted *Giant Lotus* and *Listening*.  Chew inherited the scrolls after her father's death in the 1970s.  (Nikas Decl. ¶ 3.)  Their combined value is approximately $3 million.  (Nikas Decl. ¶ 3.)  Chew reported this theft to the Carmel Police, the International Art Theft Association, and the Federal Bureau of Investigation in San Francisco.  (Nikas Decl. ¶ 4.)

After exhausting several leads, the Carmel Police ultimately suspended their investigation in June 2013.  (Nikas Decl. ¶ 4.)  Chew has since passed away and the Trust is her successor in

interest.  (Nikas Decl. ¶ 5.)  The Trust has since discovered that *Giant Lotus* was sold by Christie's

Hong Kong Limited on or around November 25, 2013, to Yonghai Shang, a resident of mainland

China.  (Nikas Decl. ¶ 6.)

The Trust now files this application to obtain relevant information about these stolen

artworks.

II.    ARGUMENT

A.    **Legal Framework**

Section 1782 provides for discovery in the United States to assist tribunals and parties in

proceedings before foreign or international tribunals.  In relevant part, Section 1782 provides:

> The district court of the district in which a person resides or is found may order him
> to give his testimony or statement or to produce a document or other thing for use
> in a proceeding in a foreign or international tribunal . . . .  The order may be made . . .
> upon the application of any interested person and may direct that the testimony or
> statement be given, or the document or other thing be produced . . . .

28 U.S.C. § 1782.

To obtain discovery under Section 1782 an applicant must establish that:  "(1) the person

from who discovery is sought resides (or is found) in the district of the district court to which the

application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal,

and (3) the application is made by a foreign or international tribunal or any interested person."

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012).

If the three statutory requirements are satisfied, courts may consider four discretionary

factors in deciding whether to grant a Section 1782 application:  (1) whether "the person from who

discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign

tribunal, the character of proceedings underway abroad, and the receptivity of the foreign

government, court, or agency to federal-court judicial assistance"; (3) "whether the [Section 1782]

request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of

a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004).

Moreover, courts in this circuit "evaluate discovery requests under Section 1782 in light of the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097 (2d Cir. 1995); *In re Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997). Both the Supreme Court and this Court have acknowledged a Congressional intent to provide a liberal avenue to discovery in aid of foreign and international proceedings. *See, e.g.*, *Intel*, 542 U.S. at 247–48; *Brandi-Dohrn*, 673 F.3d at 80 ("[T]he statute has, over the years, been given increasingly broad applicability."); *In re Edelman*, 295 F.3d 171, 179–80 (2d Cir. 2002) ("In sum, Congress has expressed as its aim that the statute be interpreted broadly . . . .").

### B.    Applicant Satisfies the Statutory Requirements of 28 U.S.C. § 1782

Applicant satisfies the three statutory requirements of Section 1782:  (1) Christie's, Inc. resides in the Southern District of New York, (2) the requested information is for use in the Hong Kong Proceeding, and (3) Applicant's planned participation in the Hong Kong Proceeding makes it an "interested person."

### 1.    Christie's, Inc. Resides in the Southern District of New York

A corporation resides in a district when it is incorporated or headquartered in that district. *See In re Godfrey*, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007).

Christie's, Inc. is incorporated in the State of New York and headquartered in the Southern District of New York.  Christie's, Inc. lists 20 Rockefeller Plaza, New York, New York 10020 as its Principal Executive Office on its registration with the New York Secretary of State.  (Nikas

4

Decl. Exh. 2.)  Its website lists the same address.  (Nikas Decl. Exh. 1.)  Christie's, Inc. therefore resides in the Southern District of New York for the purposes of Section 1782.

**2.      The Discovery Sought Is for Use in a Reasonably Contemplated Foreign Proceeding**

Discovery is "for use" in an uncommenced foreign proceeding if the foreign suit is "within reasonable contemplation" and the evidence sought is for use in that foreign proceeding.  *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123–24 (2d Cir. 2015); *Mees v. Buiter*, 793 F.3d 291, 300–01 (2d Cir. 2015).

An action is "within reasonable contemplation" if the applicant can "provide some objective indicium that the action is being contemplated."  *KPMG*, 798 F.3d at 123–24.  A sworn declaration detailing the applicant's intent to commence an action and the circumstances giving rise to the claim are sufficient to show that a suit is "within reasonable contemplation."  *See In re Furstenberg Fin. SAS*, 18-mc-44 (JGK), 2018 WL 4625802, at *2 (S.D.N.Y. Sept. 26, 2016) ("The applicants carried their burden of showing that a foreign proceeding is within reasonable contemplation by filing declarations swearing that they intend to file a criminal complaint against the movant, and articulating a specific legal theory on which they intend to rely."); *see also Bravo Express Corp. v. Total Petrochemicals & Ref. USA, Inc.*, 613 F. App'x 319, 322–23 (5th Cir. 2015) (an affidavit and representations of counsel that a party was intending to file suit in a foreign court later that year were sufficient to show that suit was "within reasonable contemplation"); *Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JS Forwarding (USA), Inc.*, 747 F.3d 1262, 1271 (11th Cir. 2014) (declaration that party was contemplating civil action in foreign court and describing ongoing investigation satisfied "within reasonable contemplation" requirement).

Applicant intends to commence suit in Hong Kong within three months, at a maximum. (Nikas Decl. ¶ 8.)  Applicant has sent a demand letter to Shang and is currently working to retain

5

local counsel in Hong Kong.  (Nikas Decl. ¶ 8.)  The typical statute of limitations for a tort action

in Hong Kong is six years and could therefore run as early as March 2019.  Limitation Ordinance,

Cap. 347, § 4(1) (H.K.).  Applicant, therefore, has every reason to file suit as soon as it ascertains

the identities of all relevant parties.  Its conversion action in Hong Kong is therefore "within

reasonable contemplation."

To be "for use" in a reasonably contemplated proceeding, the discovery sought does not

need to be necessary "to succeed in the foreign proceeding," and does not need to "be sought for

the purpose of commencing a foreign proceeding."  *Mees*, 793 F.3d at 295.  Rather, "an applicant

may seek discovery of any materials that can be made use of in the foreign proceeding to increase

her chances of success."  *Id.* at 299.

Applicant intends to use the information from Christie's, Inc. to identify Consignor and

other possible parties to its contemplated conversion action, as well as facts regarding the theft and

the location of the paintings.  Applicant's ability to reveal and name additional parties to the Hong

Kong action will increase its chances of obtaining recovery for the conversion.  Discovery related

to these additional parties and the artworks' locations are, therefore, "for use" in Applicant's

contemplated conversion action.

### 3.     Applicant Is an Interested Party

Finally, Section 1782 requires an Applicant to demonstrate a reasonable interest in the

foreign proceeding.  While Section 1782 broadly covers those with the right to participate and

submit evidence in foreign proceedings, *see KPMG*, 798 F.3d at 120, there is "[n]o doubt litigants

are included among, and may be the most common example of, the 'interested person[s]' who may

invoke § 1782."  *Intel*, 542 U.S. at 256 (quoting 28 U.S.C. § 1782 (alteration in original)).

Applicant will be the plaintiff in the Hong Kong Proceeding, and is, therefore, an interested

party. *In re Societe d'Etude de Realisation et d'Exploitation pour le Traitement du Mais*, No. C13-

6

80261-MISC LHK (HRL), 2013 WL 6414655, at *1 (N.D. Cal. Nov. 21, 2013) ("As the alleged victim, [the applicant] is an 'interested person.'").

### C.     All of the Discretionary Factors of Section 1782 Favor Permitting Discovery

If an Applicant satisfies the statutory requirements, a court may consider four discretionary factors.  *Intel*, 542 U.S. at 264–65.  Here, each factor weighs in favor of granting the requested discovery.  *First*, based on the facts we know now, Christie's, Inc., will not be a party in the Hong Kong Proceeding.  *Second*, there is no reason to believe that the court in Hong Kong would be unreceptive to evidence obtained through Section 1782 discovery.  *Third*, Applicant is acting in good faith and is not seeking to circumvent any foreign restriction on gathering evidence.  *Fourth*, the requests are targeted to key questions concerning the identities of proper parties to the Hong Kong Proceeding, as well as the location of the art and facts regarding the theft.  Thus, the requests do not impose an undue burden on Christie's, Inc.

### 1.     Christie's, Inc. Will Not Be a Party in the Hong Kong Action

"[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad," *Intel*, 542 U.S. at 264, because of the possibility that the requested discovery is unnecessary or harassing.  *See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011).  Further, a litigant is not required to seek the information through the foreign court before requesting the discovery under Section 1782.  *Euromepa*, 51 F.3d at 1098.

The Trust does not currently intend to name Christie's, Inc. as a party in the Hong Kong Proceeding.  The concerns addressed by the first discretionary factor are not triggered here.

## 2.      There Is No Reason to Believe That a Hong Kong Court Would Reject Evidence Obtained Through Section 1782

Another consideration is whether the foreign tribunal would "reject evidence obtained with the aid of section 1782." *In re OOO Promnesftstroy*, No. M 19-99(RJS), 2009 WL 3335608, at *7 (S.D.N.Y. Oct. 15, 2009).  In weighing this fact, courts presume that the foreign tribunal will be receptive to evidence obtained in the United States: "[a]bsent specific directions to the contrary from a foreign forum, the statute's underlying policy should generally prompt district courts to provide some form of discovery assistance." *Euromepa*, 51 F.3d at 1102.  Thus, a court should deny discovery on this basis only if there is "authoritative proof that [the] foreign tribunal would reject evidence obtained with the aid of section 1782." *Id.* at 1100.

Hong Kong courts have previously been receptive to evidence obtained with U.S. judicial assistance, and we have no reason to believe the court will not be receptive to evidence obtained as a result of this Application.  (Nikas Decl. ¶ 12.)  In the past, the Supreme Court of Hong Kong has directly requested the assistance of this Court in obtaining discovery.  *See In re Letters of Request from the Supreme Court of H.K.*, 821 F. Supp. 204 (S.D.N.Y. 1993).

Courts have also gauged receptiveness to U.S. judicial assistance by the existence of treaties facilitating cooperation.  *See In re Servicio Pan American de Proteccion*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004).  Both Hong Kong and the United States are signatories to such treaties.[4] *In re O'Keeffe*, Civ. No. 14-5835 (WJM), 2015 WL 5039723, at *2 (D.N.J. Aug. 26, 2015) (that "the Hague Convention is in effect between the United States and Hong Kong . . . indicates that Hong Kong's courts are receptive to American judicial assistance").

---

[4]  *E.g.*, Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (also known as the Hague Evidence Convention) (United States and Hong Kong have both signed and ratified the convention); *see also* Agreement with Hong Kong on Mutual Legal Assistance in Criminal Matters, U.S.-H.K., Apr. 15, 1997, U.S.-H.K., S. Treaty Doc. No 105-6 (1997).

### 3.    Applicant Does Not Seek to Circumvent Hong Kong's Discovery Laws or Restrictions

The third *Intel* factor looks to "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265.  The *Intel* Court did not require that the evidence be discoverable in the foreign proceeding itself, and the Second Circuit has added that the specific documents or testimony sought need not be admissible abroad.  *See Brandi-Dohrn*, 673 F.3d at 82 ("While *Intel* concerned the discoverability of evidence in the foreign proceeding, we see no reason why it should not extend to the admissibility of evidence in the foreign proceeding.  As in *Intel*, there is no statutory basis for any admissibility requirement."); *see also Intel*, 542 U.S. at 261 ("A foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions—reasons that do not necessarily signal objection to aid from United States federal courts.").  Nor is there any requirement to exhaust one's remedies in the foreign court first.  *See In re Metallgesellschaft AG*, 121 F.3d at 79 ("[A] 'quasi-exhaustion requirement,' finds no support in the plain language of the statute and runs counter to its express purposes.").

There is no reason to believe that such basic discovery would violate any policy of Hong Kong's courts.  Applicant simply seeks to discover the identity of parties that injured it, facts related to the injury, and the location of its stolen property.

### 4.    The Requested Discovery Is Narrowly Tailored and Directly Relevant to Commencing the Foreign Proceeding

The last *Intel* factor addresses the scope of the requests—specifically, whether they are "unduly intrusive or burdensome." *Intel,* 542 U.S. at 265.  This standard tracks with general discoverability standards under the Federal Rules of Civil Procedure.  *See In re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998).

Applicant's request is narrowly tailored, temporally limited, and relevant to the Hong Kong Proceeding.[5]  Any individual who had possession of *Giant Lotus* or *Listening* after March 4, 2013, should be a party in the Hong Kong Proceeding.  Any burden Christie's, Inc. might face in producing the requested discovery will be minimal and proportionate.

<u>CONCLUSION</u>

Christie's, Inc. possesses material information regarding the identity of parties to the Hong Kong Proceeding and the location of stolen art.  Applicant respectfully requests that the Court issue an order (a) granting the *Ex Parte* Application and Petition for an Order to Conduct Discovery, (b) entering the Proposed Order attached to the Nikas Declaration as Exhibit 4, (c) authorizing Applicant, under 28 U.S.C. § 1782, to serve the Subpoena attached to the Nikas Declaration as Exhibit 3, and (d) granting any and all other relief to Applicant as deemed just and proper.

DATED:     New York, New York
           December 14, 2018

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   /s/ *Luke Nikas*
      Luke Nikas
      Maaren Shah
      51 Madison Avenue, 22nd Floor
      Telephone: (212) 849-7000
      Facsimile: (212) 849-7100
      lukenikas@quinnemanuel.com
      maarenshah@quinnemanuel.com

      *Attorneys for Applicant*

---

[5]  Federal courts routinely grant similar expedited discovery in analogous circumstances, recognizing the heightened need created by a looming statute of limitations.  *See, e.g.*, *Old Ladder Litig. Co. v. Investcorp Bank B.S.C.*, No. 08 Civ. 0876(RMB)(THK), 2008 WL 2224292, at *2 (S.D.N.Y. May 29, 2008) (granting leave to conduct expedited discovery as to identity of unknown defendants because of statute of limitations' imminent expiration); *Wesley v. Muhammad*, No. 05 Civ. 5833(GEL)(MHD), 2008 WL 123812, at *13 (S.D.N.Y. Jan. 10, 2008) (same).